Honorable Christopher M. Alston
Chapter 11
Hearing Date: August 10, 2018
Hearing Time: 9:30 a.m.
Response Date: August 3, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>Alanna Grace Ellis,<br><br>　　　　　　　Debtor. | Case No. 16-10066<br><br>UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT OF ATTORNEY'S FEES FROM LARRY FEINSTEIN; DECLARATION OF MARTIN L. SMITH |

The United States Trustee hereby requests that the Court order attorney Larry Feinstein ("Feinstein") to disgorge fees he received for prepetition and postpetition services to debtor Alanna Grace Ellis (the "Debtor") during the course of the above-captioned case (the "Case").

## I. OVERVIEW

As discussed below, Feinstein 1) filed employment pleadings and fee disclosures that contained critical omissions and false information; 2) sought and obtained employment as the Debtor's bankruptcy counsel without disclosing that he was a prepetition creditor and therefore not a "disinterested" person as required by the Bankruptcy Code; 3) failed to timely disclose receipt of postpetition payments for his bankruptcy services to the Debtor; and 4) received and applied payments to his fees without ever seeking or obtaining approval of those fees from the Court. In total, Feinstein received postpetition payments of $29,517 from an insider third party, of which $16,890 appears to have been received for prepetition fees and postpetition fees covering the time up until a chapter 11 trustee was appointed. Of the $16,890, $4,000 was previously sent to the chapter 7 trustee upon demand. Under the circumstances, the United States Trustee requests that the Court order the disgorgement of the other $12,890 pursuant to § 329(a) and the Court's inherent authority.

UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT
OF ATTORNEY'S FEES - 1

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-10066-CMA    Doc 172    Filed 07/10/18    Ent. 07/10/18 12:50:09    Pg. 1 of 13

## II. FACTS

A.   Procedural Background.

The Case was filed on January 8, 2016 (the "Petition Date). Feinstein filed his ex parte application to be employed by the Debtor (the "Employment Application") on February 1, 2016, along with his declaration (the "Employment Declaration") in support thereof.[1] The Court entered an ex parte order granting the Employment Application on February 5, 2016. ECF document no. 15. Feinstein has never filed an amended Employment Application or Employment Declaration, nor sought or obtained approval of any fees for representation of the Debtor. On July 6, 2017, Feinstein withdrew from representing the Debtor in the Case. *See* Withdrawal and Substitution, ECF document no. 137.

The Court ordered the appointment of a chapter 11 trustee on April 27, 2016, and Kathryn Ellis was subsequently appointed (the "Trustee"). On September 21, 2016, the Case was converted to chapter 7, and the Trustee continued as the chapter 7 trustee.

On January 30, 2017, the United States Trustee filed a complaint to deny the Debtor's discharge pursuant to §§ 727(a)(2), (3), and (4), thereby initiating adversary proceeding no. 17-01017 (the 'Adversary"). After trial, the Court wrote a memorandum decision (the "Opinion") denying the Debtor's discharge under each of the three § 727 subsections.[2] The Court subsequently entered a judgment denying the Debtor's discharge.

B.   Factual Background Relating to Payment and Disclosure of Fees Received by Feinstein.

On May 23, 2018, Feinstein filed the Updated and Correct BR2016 Statement of Former Attorney for Debtor ("Last Disclosure").[3] The Last Disclosure was filed as a direct result of the

---

[1] ECF documents nos. 12 and 12-1. Copies of the Employment Application and Employment Declaration are attached as **Exhibits 1 and 2**, respectively, to the attached Declaration of Martin L. Smith (the "Smith Decl.").

[2] See Memorandum Decision, ECF document no. 51 in the Adversary. A copy of the Opinion is attached to the Smith Decl. as **Exhibit 3**.

[3] ECF document no. 170, a copy of which is attached to the Smith Decl. as **Exhibit 4**.

UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT OF ATTORNEY'S FEES - 2

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-10066-CMA    Doc 172    Filed 07/10/18    Ent. 07/10/18 12:50:09    Pg. 2 of 13

United States Trustee requesting information from Feinstein about fee payments during the Case.[4]

The Last Disclosure is the latest in a series of fee payment disclosures filed by Feinstein. The initial disclosure was filed as part of the Debtor's Schedules (the "Initial Disclosure").[5] An amended BR 2016(b) statement was filed on November 7, 2017 (the "First Amended Disclosure").[6] Another amendment was filed on April 12, 2018 (the "Second Amended Disclosure").[7]

According to the Last Disclosure, Feinstein received and retained the following payments for services to the Debtor:[8]

| Payment Amount | Payment Date | Source |
|---|---|---|
| $7,417 | 3/2/16 | Smokiam RV Resort, LLC ("Smokiam")[9] |
| $3,500 | 9/8/16 | Smokiam |
| $13,800 | 10/27/16 | Smokiam |
| $1,000 | 2/28/17 | Smokiam |
| $3,800 | 7/18/17 | Smokiam |
| **$29,517**[10] | | |

---

[4] The United States Trustee sent an email to Feinstein on May 17, 2018, requesting copies of his IOLTA records relating to the Debtor and payments received for services in the Case during the chapter 11. *See* Smith Decl., ¶ 3.

[5] ECF document no. 1, p.61, a copy of which is attached to the Smith Decl. as **Exhibit 5**.

[6] ECF document no. 150, a copy of which is attached to the Smith Decl. as **Exhibit 6**.

[7] ECF document no. 160-1, a copy of which is attached to the Smith Decl. as **Exhibit 7**.

[8] In addition, Feinstein received several prepetition and postpetition payments that were returned as NSF. Those payments included $9,217 on 1/5/16; $5,217 on 1/8/16, and $13,800 on 9/8/16.

[9] As the Court may recall, the Debtor was the only signatory on Smokiam's checking account, and she handles Smokiam's books, records, and bills. Opinion, p.4. Copies of two of the applicable checks signed by the Debtor, *i.e.* for $7,417 and $3,500, are attached as part of **Exhibit 8** to the Smith Decl. at pages 8 (check no. 2341) and 18 (check no. 1001), respectively. The Smokiam account for October 2016 reflects a "debit Memo" *i.e.* cashier's check, on October 27, 2016, for $13,800. *Id.* at p.25. The United States Trustee does not currently have bank statements reflecting the last two Smokiam payments to Feinstein.

[10] Of this total, $4,000 was sent to the Trustee on or about November 7, 2017. *See* Feinstein's billing statement attached to the Smith Decl. as **Exhibit 9**, p. 8. *Sending $4,000 of Smokiam's*

UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT OF ATTORNEY'S FEES - 3

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-10066-CMA    Doc 172    Filed 07/10/18    Ent. 07/10/18 12:50:09    Pg. 3 of 13

The above newly-disclosed payment information is in sharp contrast with some of the prior disclosures. For example, the Initial Disclosure, the First Amended Disclosure, and Feinstein's employment documents state that Feinstein was paid $3,500 prepetition for prepetition legal services.[11] The Employment Application and Employment Declaration state that the $3,500 prepetition payment was received from the Debtor. Those statements were apparently not true. Instead, it appears that the $3,500 for prepetition services was actually received on September 8, 2016 – 8 months after the Case was initiated – and the money came from Smokiam.[12] The First Amended Disclosure also stated that the $1,000 and $3,800 postpetition payments were received from the Debtor. However, now we know that the money was actually received from Smokiam.

Additionally, as the table attached to the Smith Decl. as **Exhibit 10** illustrates, none of the Smokiam payments to Feinstein were timely disclosed. Instead, it took Feinstein between 98 to 798 days <u>after</u> the required disclosure deadline to reveal receipt of the money.

## II. ARGUMENT

A. <u>Feinstein's Violation of § 327, § 330, and B.R. 2014 Justify Disgorgement of Fees.</u>

Pursuant to § 327(a), with the Court's approval a debtor in possession may employ an attorney who does not hold or represent an interest adverse to the estate, and who is a "disinterested person" as such term is defined in § 101(14). To hold an adverse interest for the purposes of § 327(a) means 1) to possess or assert any economic interest that would tend to lessen the value of the estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or 2) to possess a predisposition under circumstances that render such a bias against the estate. *In re Lee*, 94 B.R. 172, 177 (Bankr. C.D. Cal. 1988) (citations

---

payments to the Trustee appears to be a tacit admission that the Smokiam funds were property of the estate.

[11] It is unclear why they say $3,500, since Feinstein's billing statements reflect prepetition services totaling $2,957. *See* Smith Decl., **Exhibit 9**, p.1.

[12] This may have been a violation of § 362(a)(6) as an act to collect a prepetition claim. *In re Hines*, 147 F.3d 1185, 1188 (9th Cir. 1998).

UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT
OF ATTORNEY'S FEES - 4

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-10066-CMA    Doc 172    Filed 07/10/18    Ent. 07/10/18 12:50:09    Pg. 4 of 13

omitted). To represent an adverse interest means to serve as agent or attorney for entities holding an adverse interest. *Id.* (citation omitted). Finally, you are not a "disinterested person" if you are a creditor, an equity security holder, or an insider of the debtor. 11 U.S.C. § 101(14)(A). If there is any doubt as to existence of conflict, that doubt should be resolved in favor of disqualification. *Id.*

To effectuate the mandate of § 327(a), B.R. 2014(a) requires two things: 1) that an application for employment under § 327 include a statement "of any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, [and] any other party in interest . . . ."; and 2) that the person to be employed provide a verified statement "setting forth the person's connections with the debtor, creditors, [and] any other party in interest . . . ." The applicant bears the burden of proving that the standards for appointment have been met. *Credit Alliance Corp. v. Boies (In re Crook)*, 79 B.R. 475, 478 (B.A.P. 9th Cir. 1987).

Although B.R. 2014(a) does not expressly require supplemental or continuing disclosure, courts have held that such a continuing duty is implied and that professionals employed pursuant to § 327(a) are required to reveal connections and conflicts that arise after their retention. "The duty to disclose is a continuing obligation as to which the risk of defective disclosure always lies with the discloser." *In re Kobra Properties*, 406 B.R. 396, 402 (Bankr.E.D.Cal.2009) *(citing, among others, Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995)). Disclosure that turns out to be incomplete can support denial of fees. *Id.*

Bankruptcy Rule 2014(a) assists the court in ensuring that the attorney has no conflicts of interest and is disinterested, as required by § 327(a), and its disclosure requirements are applied "strictly." *In re Park-Helena Corp,* 63 F.3d at 881. "All facts that *may* be pertinent to a court's determination of whether an attorney is disinterested or holds an interest adverse to the estate must be disclosed. [citations omitted] The disclosure must be made in the application for order approving employment. 'It is not sufficient that the information might be mined from

UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT OF ATTORNEY'S FEES - 5

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-10066-CMA    Doc 172    Filed 07/10/18    Ent. 07/10/18 12:50:09    Pg. 5 of 13

petitions, schedules, § 341 meeting testimony, or other sources.'" *In re Hathaway Ranch Ptshp*, 116 B.R. 208, 219 (Bankr.C.D.Cal. 1990) (emphasis in original) *quoting In re B.E.S. Concrete Products, Inc.*, 93 B.R. 228, 236 (Bankr.E.D.Cal.1988).

"A negligent failure to disclose all facts required by Bankruptcy Rule 2014(a) does not relieve the professional of the consequences of failing to make a complete disclosure." *In re Hathaway Ranch Ptshp,* 93 B.R. at 219-220. If the lack of disclosure is discovered after employment it may … result in denial and disgorgement of compensation. *Id.* at 220 (citations omitted). *See also In re Bennett Funding Group, Inc.*, 226 B.R. 331, 334 (Bankr.N.D.N.Y 1998) ("it is critical to the integrity of the bankruptcy process that disclosure of material facts which relate to disinterestedness be timely and thorough").

As the Ninth Circuit Court of Appeals has stated: "The disclosure rules impose upon attorneys an independent responsibility. Thus, failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule." *In re Park-Helen Corp.*, 63 F.3d at 880. The disclosure rules "are applied literally, even if the results are sometimes harsh." *Id.* at 881.

1. <u>Feinstein Filed False and Misleading Employment Documents That Were Never Amended, and Was a Prepetition Creditor Ineligible to be Employed as Debtor's Counsel.</u>

Feinstein's Employment Application and Employment Declaration state unequivocally that he had been paid $3,500 for his prepetition services. As the Last Disclosure makes clear, that was not true and on the Petition Date Feinstein was still owed prepetition fees. Accordingly, in addition to the falsity of the initial disclosures, Feinstein was a prepetition creditor who was ineligible to be hired by the Debtor because he was not a "disinterested person" as required by § 327(a) and as defined in § 101(14). Feinstein may respond that at the time he submitted the Application he thought the money had been received and it was only later that he found out that the checks bounced and he was still owed prepetition fees and reimbursement of the filing fee. However, that argument does not hold up to scrutiny because the Last Disclosure clearly shows

UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT
OF ATTORNEY'S FEES - 6

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-10066-CMA    Doc 172    Filed 07/10/18    Ent. 07/10/18 12:50:09    Pg. 6 of 13

that both of the checks Feinstein received prepetition, *i.e.* for $9,217 and $5,217, had failed to clear the bank two weeks before the Employment Application was filed. Additionally, <u>Feinstein never filed an amended Employment Application or affirmatively waived the prepetition fees and costs</u> – in fact, it appears those prepetition fees were ultimately paid by Smokiam well after the Petition Date with the $3,500 payment on September 8, 2016. Under the authorities cited above, the filing of Feinstein's false and misleading employment documents, and his undisclosed status as a prepetition creditor, constitute cause to order disgorgement of all fees received in the Case for services up to the appointment of the Trustee.

2. <u>Feinstein's Employment Pleadings Failed to Disclose His Intent to Seek Fees From Smokiam.</u>

Feinstein clearly intended to look to Smokiam for payment of his fees -- as evidenced by the Last Disclosure showing all fees were paid by Smokiam. In fact, the very first payment received by Feinstein on January 5, 2016, of $9,217 that "bounced" was from Smokiam.[13] It made sense for Feinstein to look to Smokiam for payment – since most of the Debtor's postpetition commission income was being sent to Smokiam. The problem here is that Feinstein did not disclose anything in his Employment Application or Employment Declaration about looking to Smokiam to pay or guaranty his fees. To the contrary, he states: "[t]he debtor was advised that future fees will be paid only upon order of the court."[14] Disclosure of agreements or the intent to look to third parties for payment of fees is critical to an analysis of potential or actual conflicts since "such an arrangement could give rise to a lack of disinterestedness, depending upon the connections of the third party to the debtor." *In re Silva Dairy, LLC*, 552 B.R. 847, 853 (Bankr.D.Id.2016) (ordering disgorgement of a $10,000 retainer because the attorney's employment application inaccurately stated that the funds were from the debtor, instead of the actual third-party source). Feinstein's lack of disclosure about seeking fees from Smokiam is in direct conflict with the disclosure requirements of B.R. 2014, which requires that the application state, among other things, "any proposed arrangement for compensation." This

---

[13] Smith Decl., **Exhibit 9**, p. 8.

[14] Smith Decl., **Exhibit 2**, ¶ 4.

UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT OF ATTORNEY'S FEES - 7

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-10066-CMA    Doc 172    Filed 07/10/18    Ent. 07/10/18 12:50:09    Pg. 7 of 13

material intentional omission is itself grounds to order Feinstein's disgorgement of fees received from Smokiam.

### 3. Feinstein Should Have Sought or Obtained Allowance of His Fees Before Applying Smokiam Payments.

"[A]n attorney representing a debtor must file fee applications for payment of his fees pursuant to section 330 even if fees are paid by a third party." *In re Valladares*, 415 B.R. 617, 622 (Bankr.S.D.Fla.2009*). But see In re Core Communications, Inc.*, No. 17-00258, slip op. 2017 WL 5151674 at * 1 (Bankr.D.C. November 5, 2017) (no fee application necessary where fees to be paid from non-estate sources).

The facts in the *Valladares* case are similar to those present here. The attorney received and applied payments from a debtor-controlled entity even though the employment documents failed to disclose an intent to do so. Also, like here, the third-party payments were not timely disclosed. The court ordered disgorgement of all $120,000 in fees received. Notably, because it could not be determined with any certainty whether the debtor had an interest in the funds paid and whether they might be some form of distribution or compensation, the court ordered disgorgement to the chapter 7 trustee instead of the payor. *In re Valladares*, 415 B.R. at 625.

Some or all of the postpetition payments to Feinstein by Smokiam constituted property of the estate, and therefore whether the Court follows *Valladares* or *Core Communications,* Feinstein should have filed a fee application before applying those funds. First, the limited liability interests in Smokiam constitute community property that became property of the estate under § 541(a)(2). That interest in Smokiam, and any income it generated, continued during the chapter 11 pursuant to § 1115(a)(1). Second, during the chapter 11 portion of the Case, the Debtor caused property of the estate income to be sent to Smokiam where it was commingled with other funds and used to pay business and personal expenses. The Court concluded in the Adversary that the Debtor was entitled to at least 10% of the $174,301 in commission income that was sent to Smokiam pre-conversion, as well as some additional amount attributable to the goodwill and customer relationships involved.[15] Accordingly, Feinstein may have been paid

---

[15] Smith Decl., **Exhibit 6**, p.19.

UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT OF ATTORNEY'S FEES - 8

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-10066-CMA    Doc 172    Filed 07/10/18    Ent. 07/10/18 12:50:09    Pg. 8 of 13

with property of the estate income that the Debtor diverted to Smokiam. Third, to the degree that the funds paid to Feinstein by Smokiam gave rise to any claims against the estate for reimbursement or subrogation, or any expectation of repayment, those funds were advanced on behalf of the estate and should be considered property of the estate. *See e.g. Land v. First Nat'l Bank in Alamosa (In re Land)*, 116 B.R. 798, 805 (D.Colo.1990), aff'd 943 F.2d 1265 (10th Cir. 1991). Cf. *Christopher v. MIR (In re BOH! Restorante, Inc.)*, 99 B.R. 971, n.2 (B.A.P. 9th Cir. 1989) (payments to debtor's attorney by debtor's ex-wife were a gift, and not considered property of the estate). Fourth, all of the income of both the Debtor and her non-debtor spouse that was earned up through conversion of the Case on September 21, 2016, and diverted to Smokiam, can be considered property of the estate as a result of the interplay of §§ 541(a)(1), 541(a)(2) and 1115(a)(1) that was litigated but not decided in the Adversary – and to the degree that any of that income was used to pay Feinstein it was property of the estate.

In *In re Greco*, 246 B.R. 226 (Bankr.E.D.Penn. 2000), the court was called upon to determine the disclosure obligations of the debtor's attorney with respect to compensation received from the nondebtor-spouse. The *Greco* court disagreed with the attorney that the payments were not property of the estate, finding that a payment by a nondebtor spouse living with a debtor "is, in essence, a payment from the Debtor. Any other perspective would make it too easy for a debtor's counsel to avoid court scrutiny of fees paid by manipulation of funds between a debtor and a nondebtor payor." *Id.* at 232. In this matter, the payments were technically from Smokiam, but Smokiam was the vessel holding virtually all of the Debtor and her non-filing spouse's income. Additionally, the Debtor had control over all of those funds and wrote the checks to Feinstein from Smokiam's account. So while in form the payments to Feinstein were not from the Debtor – in substance they were.

In summary, Feinstein received and applied payments to his fees without ever applying to the Court for allowance of those fees. Some or all of the payments he received for services up through conversion of the Case to chapter 7 were from property of the estate. Feinstein's failure to submit his fees to the scrutiny of the Court and parties in interest is grounds to disgorge the amounts received.

UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT
OF ATTORNEY'S FEES - 9

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-10066-CMA    Doc 172    Filed 07/10/18    Ent. 07/10/18 12:50:09    Pg. 9 of 13

B. **Feinstein's Violation of Disclosure Requirements of § 329(a) and B.R. 2016(b) Justify Disgorgement of Fees**.

Section 329(a) requires debtors' attorneys, whether they apply for compensation or not, to—

> [F]ile with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a). In support of § 329, B.R. 2016 requires a debtor's counsel to file the § 329(a) statement *within 14 days* of the order for relief being filed. The disclosure is a continuing obligation, and a debtor's counsel is required to file supplemental statements to disclose any additional payments – again, *within 14 days* after receipt of the funds. Fed. R. Bankr. P. 2016(b). The fact that Feinstein received payment of his fees from a third party does not alter his obligation to timely disclose receipt of the funds. 11 U.S.C. § 329(a).

As stated earlier, the failure to strictly comply with the Bankruptcy Code's disclosure rules can sometimes lead to harsh results." I*n re Park-Helena Corp.*, 63 F.3d at 881. "Negligent or inadvertent omissions do not vitiate the failure to disclose." *Id.* (citation and internal quotations omitted).

In addition, a bankruptcy court has the inherent authority to regulate the practice of attorneys who appear before it.[16] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123 (1991); *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1243 (9th Cir. 2016); *Price v. Bronitsky (In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009); *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284-85 (9th Cir. 1996).

---

[16] Such inherent authority may be used to address "bad faith" or "willful misconduct," even in the absence of express statutory authority to do so. *Price v. Bronitsky (In re Lehtinen)*, 564 F.3d 1052, 1058 (9th Cir. 2009) (citing *Knupfer v. Lindblade (In re Dyer),* 322 F.3d 1178, 1187 (9th Cir.2003)).

UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT OF ATTORNEY'S FEES - 10

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-10066-CMA    Doc 172    Filed 07/10/18    Ent. 07/10/18 12:50:09    Pg. 10 of 13

Under its inherent authority a bankruptcy court may deny attorney fees completely when disclosure is lacking. *Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1995). For example, in the case *In re Lewis*, a chapter 11 case, a debtor's attorney filed a disclosure of compensation statement that inaccurately over-stated the amounts paid pre-petition and the fees still owed by the debtor, then deliberately failed to file an employment application for several months while collecting the post-petition payments for the balance of a $40,000 retainer. *Id.* at 1042. The bankruptcy court ordered the attorney to disgorge all fees received pre- and postpetition, and the Ninth Circuit affirmed. *Id.* at 1044, 1046. The Ninth Circuit rejected the attorney's argument that disgorgement of the postpetition fees was improper absent findings under §329(b) that the fees were excessive. *Id.* at 1044. A bankruptcy court need not make findings that a fee was excessive under section 329(b) to order all fees disgorged when fee-related disclosures are lacking. Rather, "[a]n attorney's failure to obey the disclosure and reporting requirements of the Bankruptcy Code and Rules gives the bankruptcy court the discretion to order disgorgement of attorney's fees." *Lewis*, 113 F.3d at 1045.

Feinstein is an experienced bankruptcy attorney. As such, he is – or certainly should be – very familiar with the ongoing disclosure requirements of § 329 and B.R. 2016(b), and the potential consequences of not fulfilling those requirements. Despite his expertise and experience, as the table attached to the Smith Decl. as **Exhibit 10** illustrates, Feinstein ignored his duty of disclosure for over a year with respect to most of the payments he received from Smokiam – and for over two years for the $7,417 he received on March 2, 2016, and did not disclose until May 23, 2018. The United States Trustee recognizes that there may have been some initial confusion caused by several instances where checks were received and returned as NSF, with replacement checks being received at later dates. However, as an officer of the Court, and a professional employed in the Case, Feinstein is responsible for tracking and reporting payments received from all sources. Accordingly, the fact that some checks bounced does not relieve Feinstein of his duty of complete, accurate and timely disclosure of the funds actually received and applied to his fees. Feinstein failed in that duty initially, and consistently, during the Case.

UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT
OF ATTORNEY'S FEES - 11

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-10066-CMA    Doc 172    Filed 07/10/18    Ent. 07/10/18 12:50:09    Pg. 11 of 13

## IV. CONCLUSION

It is clear that Feinstein seriously violated his duty of disclosure with respect to both his employment, and receipt of postpetition payment of his fees. In addition, because he was a prepetition creditor, he was not eligible to be employed and had an ongoing disabling conflict that was never disclosed. Finally, Feinstein sought and received payment of his fees without seeking allowance of those fees from the Court. Under the facts and circumstances of this case, the United States Trustee respectfully requests that the Motion be granted, and the Court enter an Order:

    A.    Requiring Feinstein to disgorge $12,890, with all funds that were property of the estate disgorged to the Trustee, and any non-estate funds disgorged to Smokiam, within 30 days of entry of the Order; and

    B.    Granting such other relief that this Court deems appropriate.

Dated: July 10, 2018.

                                Respectfully submitted,

                                Gregory M. Garvin
                                Acting United States Trustee for Region 18

                                 /s/ Martin L. Smith
                                Martin L. Smith, WSBA #24861
                                Attorney for United States Trustee

UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT OF ATTORNEY'S FEES - 12

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-10066-CMA    Doc 172    Filed 07/10/18    Ent. 07/10/18 12:50:09    Pg. 12 of 13

# DECLARATION OF MARTIN L. SMITH

I, Martin L. Smith, declare as follows:

1. I am a trial attorney employed by the United States Department of Justice in the Office of the United States Trustee.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify competently thereto.

3. On May 17, 2018, I sent an email to Feinstein[17] requesting copies of his IOLTA records relating to the Debtor, and payments received for services in the Case during the chapter 11.

4. A copy of the Employment Application is attached as **Exhibit 1.**

5. A copy of the Employment Declaration is attached as **Exhibit 2**.

6. A copy of the Opinion is attached hereto as **Exhibit 3**.

7. A copy of the Last Disclosure is attached hereto as **Exhibit 4.**

8. A copy of the Initial Disclosure is attached hereto as **Exhibit 5.**

9. A copy of the First Amended Disclosure is attached hereto as **Exhibit 6.**

10. A copy of the Second Amended Disclosure is attached hereto as **Exhibit 7**.

11. Copies of bank statements for Smokiam's account no. 8929 at Umpqua Bank for March, September, and October 2016, are attached hereto as **Exhibit 8**.

12. A copy of Feinstein's billing statement covering services to the Debtor from November 16, 2015, to June 8, 2017, is attached hereto as **Exhibit 9.**

13. A table reflecting the timing of disclosures by Feinstein of funds received from Smokiam is attached hereto as **Exhibit 10**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of July, 2018

/s/ Martin L. Smith
Martin L. Smith

---

[17] Any capitalized term not otherwise defined herein shall have the meaning given such term in the foregoing Motion.

UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT OF ATTORNEY'S FEES - 13

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 16-10066-CMA    Doc 172    Filed 07/10/18    Ent. 07/10/18 12:50:09    Pg. 13 of 13